

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

May 11, 1959

Honorable R. H. Cory          Opinion No. WW-621
Chairman
State Affairs Committee        Re: Constitutionality of H.B.
Austin, Texas                       142, of the 56th Legisla-
                                    ture, authorizing the State
                                    Parks Board to acquire pub-
                                    lic sites in proximity to
                                    the shores of public lakes,
                                    bays and gulfs for recrea-
Dear Mr. Cory:                      tion purposes.

        You have asked our opinion on the constitutionality of
H.B. 142, specifically in regard to whether the words "on or in
proximity to" are too vague and indefinite to authorize a condem-
nation.

        The provision of the bill in question is:

        "Section 1.  The State Parks Board is hereby
authorized to acquire, by gift, purchase or con-
demnation, and to improve and maintain public sites
on or in proximity to the shores of public lakes,
bays and gulfs for parking vehicles, for camping,
picnicking, boat launching, and other recreational
purposes.  The acquisition of such properties and
the improvement and maintenance of same by the State
Parks Board shall be covered specifically by funds
allocated under the current appropriations of the
Texas Legislature.  The proceedings for condemnation
of property under this Act shall be instituted and
conducted in accordance with Title 52 of the Revised
Civil Statutes."

        There is no constitutional requirement that the Leg-
islature limit the location of land that may be taken under a
condemnation statute.  16 Tex.Jur., Eminent Domain, § 130 states:

"It seems that the plenary power of the legislature over the subject of eminent domain authorizes it to designate, in each delegation of the right to exercise the power, the particular premises which the grantee may take. The general purpose being public, the legislative body may define the extent of the appropriation necessary to the public use. But this it has not, for the most part, attempted to do, because it would be obviously impracticable to fix in advance the amount or location of land which a grantee some day might condemn for one or more of its purposes. . . ."

However, since H.B. 142 restricts condemnation thereunder to land "on or in proximity to" public lakes, bays, and gulfs it would be a fact question whether a given tract was so situated. In McGhee Irrigating Ditch Co. v. Hudson, 22 S.W. 398 (Sup.Ct. 1893), it was contended that condemnation power granted in Acts of 1889, 21st Legislature, Regular Session, page 100, chapter 88, was void for uncertainty. The first section of the act stated:

". . . that the unappropriated waters of every river or natural stream within the arid portions of the State of Texas, in which, by reason of the insufficient rainfall, irrigation is necessary for agricultural purposes, may be diverted from its natural channel. . . ."

The Court approved the Court of Civil Appeals holding by stating:

". . . the act was not inoperative because of its failure to designate the territory which should be deemed the 'arid portion of the State' . . . This would have probably been impracticable . . . This was a question of fact to be determined as any other fact."

The Court in Brazos River Conservation & Reclamation Dist. v. Harmon, 178 S.W.2d 281 (Civ.App. 1944, ref. w.o.m.), stated:

"The right to exercise the power of eminent domain must be conferred by statute, either in express words or by necessary implication."

"Proximity" has a sufficiently definite meaning to convey the legislative intent. Webster's New International Dictionary, 2nd Edition, Unabridged, defines "proximity" as follows:

"Quality or state of being near or very near in time, place, causation, influence, relationship, etc.; immediate or close propinquity."

In Lacky v. Gulf C & S Ry. Co., 225 S.W.2d 630 (Civ. App. 1949), it was held that the statute (Sub. (d), Sec. 86, Art. 6701d, V.A.C.S.) requiring a vehicle driver, approaching a railroad crossing to stop within 50 feet and not less than 15 feet from nearest rail and proceed no farther until he can do so safely, when approaching train is "plainly visible" and is in "hazardous proximity" to the crossing, is not unconstitutional because of indefiniteness.

We are of the opinion that the phrase "on or in proximity" as used in H.B. 142 is specific enough to define the restriction intended therein, and that, therefore, H.B. 142 is not unconstitutional for indefiniteness.

## SUMMARY

H.B. 142 of the 56th Legislature authorizing the State Parks Board to acquire public sites in proximity to the shores of public lakes, bays, and gulfs for recreational purposes is not unconstitutional.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Joe A. Osborn (JAO)

JAO:dhs

Joe A. Osborn
Assistant

APPROVED:
OPINION COMMITTEE:
Geo. P. Blackburn, Chairman
Houghton Brownlee, Jr.
Joseph G. Rollins, Jr.
James R. Irion, III
W. Ray Scruggs
REVIEWED FOR THE ATTORNEY GENERAL
BY: W. V. Geppert